Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4438 | **DATE** | 5/18/2001 |
| **CASE TITLE** | Dendema vs. Denbur | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** We grant Dendema's motion (Doc 36-1) for leave to file a second amended complaint.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAY 21 2001 | |
| | Notified counsel by telephone. | date docketed | 46 |
| ✓ | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 MAY 18 PM 3:27 | |
| SCT | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DENDEMA AB,  )
             )
    Plaintiff, )
             )
vs.          )   00 C 4438
             )
DENBUR, INC., )
             )
    Defendant. )

DOCKETED
MAY 21 2001

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

Before the Court is Plaintiff Dendema AB's motion for leave to file a second amended complaint adding Dr. Dan V. Ericson as a co-plaintiff. For the following reasons, we grant the motion.

### BACKGROUND

This lawsuit is the result of a former business relationship to distribute a dental device called "Light-Tip." The device is patented under United States Patent No. 4,666,405 (the "'405 patent"). Dr. Dan V. Ericson ("Dr. Ericson") is the sole and rightful holder of the '405 patent, and Plaintiff Dendema AB ("Dendema") is its exclusive licensee. Through a Swedish dental distributor, Dendema supplied Light-Tip to Defendant Denbur, Inc. ("Denbur") for distribution in the United States. Denbur

purchased Light-Tip from Dendema or its distributor from 1992 to 1997. After the written agreement between Dendema and Denbur expired, Denbur allegedly continued to manufacture and/or sell a product substantially similar to Light-Tip under the Light-Tip name. According to Dendema, this conduct infringed the '405 patent.

Dendema filed a four-count complaint against Denbur alleging: (1) patent infringement; (2) fraudulent procurement of federal trademark registration in violation of the Lanham Act; (3) false designation of origin in violation of the Lanham Act; and (4) deceptive trade practices in violation of state law.

Denbur filed a motion to dismiss count I of the amended complaint on January 26, 2001. In the motion, Denbur argued that Dendema lacked standing to bring an infringement action under the '405 patent. Denbur claimed that Dr. Ericson, the owner of the patent, must be a co-plaintiff in such an action. In defending against this motion, Dendema attempted to point to a License Agreement and Addendum between Dr. Ericson and Dendema. Furthermore, Dendema relied on a document signed by Dr. Ericson on February 14, 2001 entitled "Waiver and Release" (the "W&R document"). Dendema contended that those agreements conveyed enough rights to confer Dendema with standing to bring the patent infringement action.

We disagreed with Dendema. Our review of the transfer of rights from Dr. Ericson to Dendema revealed that Dr. Ericson continued to retain substantial rights

in the '405 patent. For instance, the License Agreement prevented Dendema from assigning its rights under the Agreement without Dr. Ericson's approval. (Mem. Op. of April 2, 2001, at 6.) Nor can Dendema execute sublicenses without Dr. Ericson's consent. (Id.) Moreover, Dr. Ericson has retained legal title to the '405 patent. (Id. at 7.) He will own any modifications or improvements to the '405 patent jointly developed by the parties, and he retains approval authority for such modifications. (Id. at 7.) Finally, Dr. Ericson was obliged to pay the patent's maintenance fees. (Id.)

In our Opinion, we also considered the effect of the W&R document on Dendema's standing to sue Denbur for patent infringement. Following Prima Tek II, L.L.C. v. A-Roo Co., 222 F.3d 1372, 1378 (Fed. Cir. 2000), we found that "[a] patent owner cannot contractually circumvent the general rule that a patent owner must join a patent infringement action." (Mem. Op. at 5.) Accordingly, the Waiver and Release document could not confer standing on Dendema alone. (Id.) Instead, we concluded that

> [t]aken as a whole, the rights retained by Ericson indicate that he has not granted to Dendema the full complement of patent rights. Therefore, Dendema does not have standing to bring a patent infringement action without Ericson as a co-plaintiff, and the motion to dismiss must be granted.

(Id. at 7.) We observed further that "[i]f Dendema is an exclusive licensee, it would have standing to sue for patent infringement as long as the patent owner, Ericson, is

in the '405 patent. For instance, the License Agreement prevented Dendema from assigning its rights under the Agreement without Dr. Ericson's approval. (Mem. Op. of April 2, 2001, at 6.) Nor can Dendema execute sublicenses without Dr. Ericson's consent. (Id.) Moreover, Dr. Ericson has retained legal title to the '405 patent. (Id. at 7.) He will own any modifications or improvements to the '405 patent jointly developed by the parties, and he retains approval authority for such modifications. (Id. at 7.) Finally, Dr. Ericson was obliged to pay the patent's maintenance fees. (Id.)

In our Opinion, we also considered the effect of the W&R document on Dendema's standing to sue Denbur for patent infringement. Following Prima Tek II, L.L.C. v. A-Roo Co., 222 F.3d 1372, 1378 (Fed. Cir. 2000), we found that "[a] patent owner cannot contractually circumvent the general rule that a patent owner must join a patent infringement action." (Mem. Op. at 5.) Accordingly, the Waiver and Release document could not confer standing on Dendema alone. (Id.) Instead, we concluded that

> [t]aken as a whole, the rights retained by Ericson indicate that he has not granted to Dendema the full complement of patent rights. Therefore, Dendema does not have standing to bring a patent infringement action without Ericson as a co-plaintiff, and the motion to dismiss must be granted.

(Id. at 7.) We observed further that "[i]f Dendema is an exclusive licensee, it would have standing to sue for patent infringement as long as the patent owner, Ericson, is

in the '405 patent. For instance, the License Agreement prevented Dendema from assigning its rights under the Agreement without Dr. Ericson's approval. (Mem. Op. of April 2, 2001, at 6.) Nor can Dendema execute sublicenses without Dr. Ericson's consent. (Id.) Moreover, Dr. Ericson has retained legal title to the '405 patent. (Id. at 7.) He will own any modifications or improvements to the '405 patent jointly developed by the parties, and he retains approval authority for such modifications. (Id. at 7.) Finally, Dr. Ericson was obliged to pay the patent's maintenance fees. (Id.)

In our Opinion, we also considered the effect of the W&R document on Dendema's standing to sue Denbur for patent infringement. Following Prima Tek II, L.L.C. v. A-Roo Co., 222 F.3d 1372, 1378 (Fed. Cir. 2000), we found that "[a] patent owner cannot contractually circumvent the general rule that a patent owner must join a patent infringement action." (Mem. Op. at 5.) Accordingly, the Waiver and Release document could not confer standing on Dendema alone. (Id.) Instead, we concluded that

> [t]aken as a whole, the rights retained by Ericson indicate that he has not granted to Dendema the full complement of patent rights. Therefore, Dendema does not have standing to bring a patent infringement action without Ericson as a co-plaintiff, and the motion to dismiss must be granted.

(Id. at 7.) We observed further that "[i]f Dendema is an exclusive licensee, it would have standing to sue for patent infringement as long as the patent owner, Ericson, is

joined as a co-plaintiff." (Id.) Without Ericson, however, the patent infringement action could not proceed. (Id. at 8.)

Dendema now moves for leave to file a second amended complaint joining Dr. Ericson as a co-plaintiff. Denbur challenges the motion, claiming that the amendment is futile because Dr. Ericson has released Denbur from any patent infringement claims.

## LEGAL STANDARD

Under the plain language of Rule 15(a), leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Courts should not, however, grant leave where there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile. See Bethany Pharmacal Co., Inc. v. QVC, Inc., 241 F.3d 854, 860-61 (7th Cir. 2001).

## DISCUSSION

In February 2001, Dendema was defending itself against Denbur's motion to dismiss the patent infringement claim for lack of standing. One of Denbur's contentions was that Dr. Ericson's absence from the case could potentially subject Denbur to multiple lawsuits. To counteract this argument, Dendema procured a document signed by Dr. Ericson. Dendema attempted to use the document to show that Dr. Ericson had renounced his own ability to sue Denbur in the past, present or

future for patent infringement, thereby leaving Denbur exposed only to a single action by Dendema.

We held that Dr. Ericson had not granted to Dendema the full complement of patent rights necessary to confer standing. The W&R document did not change this result, because Dr. Ericson could not contractually circumvent the general rule that a patent owner must join an infringement action.

Now Denbur claims that the document releases Denbur from any liability to Dr. Ericson <u>or</u> Dendema. We reject this contention because it flies in the face of the plain language of the W&R document as well as the surrounding circumstances.

*1. Plain meaning of the W&R document*

The W&R document comprises five paragraphs. (Pl. Reply Exh. A, ¶¶ 1-5.) Four of the five paragraphs are recitals. (<u>Id.</u>) The last recital states:

> Whereas, as a result of the Agreement and/or Addendum, Dendema has acquired the rights and interests in the Patent necessary and sufficient to bring and maintain by itself an infringement action against Denbur, Inc.
> . . .

(<u>Id.</u> ¶ 4.) That recital is followed by the final paragraph of the document, which reads:

> Now, therefore, I hereby waive and release Denbur, Inc. from any cause of legal action or legal or equitable claim for relief that I may have held, may presently hold, or may in the future hold, based upon a claim of infringement of the ['405] patent.

(<u>Id.</u> ¶ 5.) Dr. Ericson signed the W&R document on February 14, 2001. (<u>Id.</u>)

- 5 -

We read these two provisions in tandem, as it is proper for us to do. In paragraph 4, Dr. Ericson sets forth a key premise: that <u>Dendema</u> can properly bring an infringement action against Denbur. Then, based on this premise, he renounces <u>his own</u> claims against Denbur by using the first-person pronoun "I" in paragraph five. Dr. Ericson attempted to abandon what he perceived as <u>his</u> claims against Denbur -- not extinguish all claims against Denbur. That is, the W&R establishes that Dendema had any and all rights to sue Denbur for infringement of the '405 patent and Dr. Ericson had none of those rights. At bottom, the W&R document manifests Dr. Ericson's intent to <u>preserve</u> the right to sue Denbur, not eliminate it.

We understand Denbur's instinct to seize upon the language in paragraph five, particularly the mention of "releasing" Denbur from infringement claims against it. That the term "release" is used reflects poor drafting. But it is error to read that provision alone without referring to other provisions in the document, as finding for Denbur would compel us to do. Paragraph four clearly illustrates Dr. Ericson's belief that Dendema is able to pursue an infringement claim against Denbur. In light of this paragraph, the document as a whole does not provide for the release of all infringement claims against Denbur. Instead, the document merely reflects Dr. Ericson's attempt to identify Dendema, not himself, as the lone claimant. That our

subsequent Memorandum Opinion would not permit such an arrangement does not eviscerate the plain meaning of the W&R document.[1]

2. *Extrinsic evidence surrounding the W&R document*

In the alternative, even if the plain meaning of the W&R document is ambiguous because paragraphs four and five appear to be at odds, the extrinsic evidence surrounding the W&R document bears out our conclusion. Dendema procured this document from Dr. Ericson while it was in the midst of defending itself against Denbur's motion to dismiss. One of Denbur's main grounds for dismissal was its fear of exposure to separate actions brought by Dendema and Dr. Ericson. Dendema relied on the document to allay Denbur's concern that Dr. Ericson might

---

[1] Denbur insists that Dr. Ericson alone possessed the right to bring the infringement claim against Denbur. Our previous opinion does not support this assertion, however. We did not hold that only Dr. Ericson, and Dr. Ericson alone, could bring an infringement suit against Denbur on the '405 patent. Rather, we held that "Dendema does not have standing to bring a patent infringement action without Ericson as a co-plaintiff. . . ." (Mem. Op. of April 2, 2001, at 7) (emphasis supplied). The distinction is important. It comports with the recent holding of the Federal Circuit that "[a]s a prudential principle, an exclusive licensee having fewer than all substantial patent rights possesses standing under the Patent Act as long as it sues in the name of, and jointly with, the patent owner and meets the [general standing] requirements." Intellectual Prop. Dev., Inc. v. TCI Cablevision of Cal., Inc., No. 00-1236, 2001 WL 474297, at *12 (Fed. Cir. May 7, 2001).

bring an additional action of his own. The intent of Dr. Ericson and Dendema was to convey that only Dendema would sue Denbur for patent infringement -- <u>not</u> that Dendema and Dr. Ericson would absolve Denbur from liability.

## CONCLUSION

For the foregoing reasons, we grant Dendema's motion for leave to file a second amended complaint.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated: __May 18, 2001__