# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | Michael T. Mason |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4438 | **DATE** | 3/8/2002 |
| **CASE TITLE** | Dendema vs. Denbur | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, Westfield's motion to compel [98-1] is granted to the extent that Denbur must produce a privilege log identifying any privileged documents it is withholding from its Light Tip patent and trademark files. Westfield's motion for reconsideration [96-1] is granted in part and denied in part: Denbur must produce a list of any previous lawsuits it has been a party to concerning patent or trademark issues and Westfield must produce a privilege log. Debur's motion for sanctions against Westfield is denied. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 0 8 2002 | |
| | Notified counsel by telephone. | | date docketed | 110 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | 3/8/2002 | |
| | | 02 MAR -8 AM 10: 16 | date mailed notice | |
| KF | courtroom deputy's initials | Date/time received in central Clerk's Office | KF mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DENDEMA, A.B., and <br> DAN V. ERICSON <br><br> Plaintiffs, <br><br> v. <br><br> DENBUR, INC. <br> Defendant. <br> ------------------------------------------------- <br> WESTFIELD INSURANCE COMPANY, <br> an Ohio Corporation, <br> Intervenor. | Case No. 00 C 4438 <br><br> Magistrate Judge <br> Michael T. Mason |

**DOCKETED**
MAR 0 8 2002

## MEMORANDUM OPINION AND ORDER

Michael T. Mason, United States Magistrate Judge:

Before us are two motions by Westfield Insurance Co. ("Westfield"), intervenor in the settled trademark infringement action between plaintiff Dendema, A.B., and Westfield's insured, Denbur, Inc. ("the Dendema action"). Westfield asks that we compel certain portions of the patent and trademark files for the product that was at issue in the Dendema action (the "Light Tip") which Denbur has withheld on the ground of the attorney-client privilege, and also that we reconsider portions of our January 14, 2002 order regarding earlier discovery motions by Westfield.

**Motion to Compel**

When the parties appeared before us on January 9, 2002, counsel for Denbur informed the Court that it had produced its patent and trademark files for the Light Tip to Westfield, a fact we mentioned in our January 14th order. Westfield now informs us that Denbur withheld the privileged portions of those files and has not produced a privilege log.

The parties have already briefed the issue of whether Denbur's Dendema action litigation file had to be produced to Westfield, and in our January 14, 2002 order, we held that neither the attorney-client privilege nor the work-product privilege protected the materials in that file. Briefly, our reasoning was that pursuant to the Illinois case *Waste Management, Inc. v. Int'l Surplus Lines Ins. Co.*, 579 N.E.2d 322 (Ill. 1991), and the insurance contract's cooperation clause, Denbur could not claim that any of the underlying Dendema action file was privileged. Denbur and Wesfield had a common interest in defending the Dendema lawsuit despite the coverage dispute that developed, so documents created during that lawsuit were not privileged between the parties.

The parties' briefs do not address whether the same reasoning should apply to the patent and trademark files for the Light Tip and after researching the issue, we decline to order that privileged material in the files be produced. However, we do note that to the extent that attorney-client or work-product material in the patent and trademark files was also part of the Dendema action, it should have already been produced pursuant to our January 14th order. Additionally, Denbur must provide Westfield with a privilege log for any documents in the patent or trademark files that it is withholding on the grounds of privilege.

**Motion to Reconsider**

Westfield asks that we reconsider two parts of our January 14th order, our refusal to stay discovery on Denbur's counterclaim for vexatious claims practice which it brought pursuant to Section 155 of the Illinois Insurance Code, and our refusal to order Denbur to produce all documents its attorneys, Bell Boyd and Lloyd ("BBL") have in their possession concerning Denbur and its president.

Judge Kocoras overruled Westfield's objections to our January 14th order, and we

2

decline to revisit the question of the stay of discovery yet again. The cases Westfield cites in support of its motion all concern the *production* of privileged materials during the pendency of a coverage dispute. As Denbur points out, it has not requested – and we have not ordered the production of – privileged materials, only that Westfield provide a privilege log. We understand and appreciate Westfield's concern about providing Denbur with privileged materials during the pendency of the coverage dispute, especially given its contention that these materials will not even become relevant if Westfield succeeds on the merits of its case-in-chief. However, Denbur has given us no reason to even consider ordering the production of privileged materials and we have no intention of doing so. Westfield cannot avoid producing a privilege log simply because it wishes to keep its attorney-client and work-product information confidential; such an argument could be made by any civil litigant.[1]

The last part of Westfield's motion to reconsider concerns what is actually a new (or at least restated) request: for all documents relating to other intellectual property disputes that Denbur has been involved in. Our original order denied Westfield's request for all BBL materials related to Denbur or its president because we felt that such information was too attenuated from the coverage dispute at issue. We uphold this finding with one modification. Westfield has clarified that it really seeks to learn if Denbur has been involved in any other patent or trademark disputes and the facts of those disputes. This information is arguably relevant to Westfield's claims and should be produced in some

---

[1] Although Westfield objects to producing a privilege log on the ground that the Section 155 discovery is irrelevant at this point, it did produce all non-privileged material responsive to Denbur's requests.

3

form, but it would be overbroad to simply order Denbur to produce every document it may have regarding previous patent or trademark disputes. Instead, we order Denbur to provide a list of all lawsuits to which it has been a party (if any) which concerned patent or trademark issues (either Denbur's or another entity's). The list should include a short description of each matter, the time it occurred, and its resolution. If Westfield believes that it needs additional documents from Denbur concerning any previous lawsuit, it can make the appropriate request.

For the above reasons, Westfield's Motion to Compel is granted to the extent that Denbur must produce a privilege log identifying any privileged documents it is withholding from its Light Tip patent and trademark files. Its Motion for Reconsideration is granted in part and denied in part; Denbur must produce a list of any previous lawsuits it has been a party to concerning patent or trademark issues, as set forth above and Westfield must produce a privilege log. Denbur's motion for sanctions against Westfield is denied. It is so ordered.

ENTER:

MICHAEL T. MASON
United States Magistrate Judge

Dated:   March 8, 2002